**MERITOR SAVINGS BANK**

v.

**Jay MEYERS, Esquire, Joseph Spears, Arthur Lee Dixon, Esquire, and Mary A. Dews.**

Civ. A. No. 86–3614.

United States District Court, E.D. Pennsylvania.

June 27, 1986.

Joanne Lahner, Philadelphia, Pa., for plaintiff.

Arthur Lee Dixon, Jay Meyers, Philadelphia, Pa., for defendants.

## MEMORANDUM AND ORDER

KATZ, District Judge.

Plaintiff, Meritor Bank, has filed a complaint to institute an interpleader action against defendants Jay Meyers, Joseph Spears, Arthur Lee Dixon, and Mary A. Dews. That case is assigned to Judge Green.

The complaint has its genesis in the Bank's possession of accounts containing assets that formerly belonged to Ms. Wilhelmina Gary. According to the complaint, Ms. Gary was adjudicated an incompetent by the Court of Common Pleas of Philadelphia County, Orphans' Court Division, on October 5, 1984. *See* Complaint, para. 7. At that time, the Orphans' Court appointed Mary Dews as guardian of Ms. Gary's person, and Arthur Lee Dixon as guardian of Ms. Gary's estate. *See id.* Pursuant to his appointment, Mr. Dixon opened two accounts with Meritor. The first, a certificate of deposit, held $34,453.63 as of June 18, 1986. The second, a checking account, showed a balance of $4.79 as of June 18, 1986. Ms. Gary died on January 14, 1985. On April 23, 1985, Mr. Spears and Mr. Meyers, acting as co-executors of Ms. Gary's will, opened a fiduciary or executor's account at Meritor Bank. As of June 18, 1986, that account had a balance of

$25,302.38. *See* Complaint, para. 15. The account was funded by proceeds from the sale of Ms. Gary's assets. *See id.* at para. 16. The distribution of these accounts presently is pending before the Orphans' Court of Philadelphia.

My involvement with this case arose late in the afternoon of June 18, 1986, when I was serving as emergency judge. Plaintiff came to my chambers with an Application for a Temporary Restraining Order and requested a conference on the matter. My law clerk advised them to notify the defendants and to arrange to have all parties present, at 10:00 a.m. on the following day, for a hearing in chambers. On the following day, all parties were present at the hearing, with the exception of Mary Dews. Plaintiff has been unable to locate her. The remainder of this memorandum summarizes the proceedings, and my rulings, at the hearing.

In its complaint, Application for a Temporary Restraining Order, and at the hearing, plaintiff related the following series of events to support its belief that entitlement to the funds in the accounts is disputed and that an interpleader action therefore is necessary. The alleged dispute over the assets began in January, 1985. Mr. Meyers and Mr. Spears had filed Ms. Gary's purported will with the Philadelphia Register of Wills. On January 24, Mary Dews filed a caveat to the will. *See* Complaint para. 10–16. Ms. Dews subsequently failed to perfect a bond on the caveat, and that claim was withdrawn. On February 28, however, Ms. Dews obtained Letters of Administration from the Surrogate's Court of Camden County, New Jersey. The letters presently remain in effect. *Id.* at para. 12. On the strength of the Letters of Administration, Ms. Dews requested Meritor to turn the guardianship accounts over to her. *Id.* at para. 13. The Bank denied her request, apparently because Ms. Dews merely asserted the existence of the letters instead of bringing them with her.

In the meantime, the Philadelphia Court of Common Pleas, Orphans' Court Division, has conducted hearings regarding distribution of the accounts. Ms. Dews has never appeared before that Court. The Court recently ordered auditing of the accounts, to take place at 10:00 a.m. on June 20, 1986. *Id.* at para. 19. The Court also has indicated that it would distribute the funds to Mr. Spears and Mr. Meyers unless Ms. Dews appears.

The Bank fears that Ms. Dews might collaterally attack such an order. *Id.* In that event, the Bank would be caught in the middle of a dispute over rightful possession of the funds, with potential liability to Ms. Dews as a result of its compliance with a court-ordered distribution of the funds. The Bank's application for a Temporary Restraining Order is founded on its desire to avoid this scenario.

I conclude that a Temporary Restraining Order is not necessary to protect the Bank's interests. In response to my inquiries, the Bank admitted that neither Mr. Meyers nor Ms. Dews had threatened to sue it. The Bank made no showing that its predicament had been explained fully to the Orphans' Court. Moreover, Mr. Dixon disclosed at hearing an address at which Ms. Dews might be located. This information has not been presented to the Orphans' Court. In the event that such information is provided to that Court, the parties could request a continuance to facilitate notice to Ms. Dews of the auditing of the account. In sum, the Orphans' Court has not been presented with current information regarding Ms. Dews' whereabouts or the full extent of the facts of the case. Similarly, that Court has not been requested to provide a continuance or stay.

It also is unclear whether there is good interpleader jurisdiction in this case. Plaintiff's complaint is brought under the federal interpleader statute, 28 U.S.C. § 1335(a). That statute provides, in pertinent part:

> The district courts shall have original jurisdiction of any civil action of interpleader or in the nature of interpleader ... if
>
> (1) Two or more adverse claimants, of diverse citizenship as defined in section 1332 of this title, are claiming or may claim to be entitled to such money or

property ... and if (2) the plaintiff had deposited such money or property ... to the registry of the court....

*See* 28 U.S.C.A. § 1335(a) (West 1976).

There does appear to be a dispute, between adverse claimants, over the accounts held by plaintiff. Plaintiff properly has deposited the disputed funds into the registry of this Court. Nonetheless, plaintiff has not established that the "two or more adverse claimants" are of diverse citizenship. Mr. Meyers, Mr. Spears, and Mr. Dixon are all Pennsylvania citizens. While Ms. Dews' claims are adverse to theirs, her residency is unknown. Although plaintiff alleges in its complaint that Ms. Dews is a New Jersey resident, it has been unable to locate and serve her in New Jersey. At the hearing before me, Mr. Meyers indicated that he last saw Ms. Dews in Philadelphia, Pennsylvania. Mr. Dixon supplied a Philadelphia address at which Ms. Dews might be found. On this record, it appears possible that plaintiff's case may fail for lack of diversity jurisdiction. Thus, plaintiff is unable to support its application for a temporary restraining order with a showing of a substantial likelihood that it will prevail on the merits of the jurisdiction issue. Such a showing is a necessary prerequisite to the grant of a preliminary injunction. *See Cerro Metal Products v. Marshall,* 620 F.2d 964, 965, 972 (3d Cir.1980); *Enterra Corp. v. SGS Associates,* 600 F.Supp. 678, 683–84 (E.D.Pa.1985).

Even if plaintiff could make this showing, it is unable to demonstrate that it would suffer irreparable injury in the absence of an injunction. As I noted earlier, the Bank can forestall distribution of the accounts pending resolution of conflicting claims to the assets by requesting a continuance from the Orphans' Court. Such a continuance would permit the Bank to attempt to serve Ms. Dews at the address supplied by Mr. Dixon. Moreover, the Bank has not been threatened with a suit by any of the claimants to the accounts. The Bank's failure to demonstrate irreparable injury in the absence of an injunction precludes a grant of its petition. *See Cerro Metal Products,* 620 F.2d at 972; *Enterra Corp.,* 600 F.Supp. at 683–84.

Plaintiff therefore has failed to meet the standards justifying a grant of a preliminary injunction. For the same reasons, it also has failed to meet the standards, set forth in Rule 65(b) of the Federal Rules of Civil Procedure, for grant of a temporary restraining order without notice to Ms. Dews. *See* Fed.R.Civ.P. 65(b); 7 J. Moore, J. Lucas & K. Sinclair, Jr., *Moore's Federal Practice* ¶ 65.06 (2d ed. 1986).

Plaintiff also submitted an Application for Leave to Have the United States Marshall Serve Mary A. Dews by United States Mail. This application seeks leave to serve Ms. Dews by mail rather than by personal service pursuant to 28 U.S.C. § 2361 (prescribing form of service of interpleader complaints) because of its frustrated attempts at personal service upon Ms. Dews. The application is denied because personal service may be possible at the address supplied by Mr. Dixon. A grant of plaintiff's application is premature and unnecessary until personal service at that address is attempted.

At hearing, defendant Meyers raised the matter of attorney's fees and costs. This is not an issue for an emergency judge and I declined to adjudicate it. In any event, I conclude that the Bank did not act in bad faith when it filed this action.